IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3087 |
| | : | |
| v. | : | |
| | : | |
| MR. ANTHONY CIAPPINA and MRS. CINDY SCOTT CIAPPINA, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                  October 24, 2014

This matter is one of 29 cases filed by the plaintiff *pro se*, Scott J. Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the amended complaint in this case for (1) lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074 (*Melnick v. CNBC Studio*), 5:14-cv-3075 (*Melnick v. Weil Antique Ctr.*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*). The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion. The court references the cases only for contextual purposes.

I.      SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendants, Mr. Anthony Ciappina ("Mr. Ciappina") and Mrs. Cindy Scott Ciappina ("Mrs. Ciappina"), by filing a complaint on May 29, 2014. *See* Doc. No. 1.  The docket contains a notation that the Clerk of Court's office issued summonses to the plaintiff on June 2, 2014. *See* 5-29-14 Unnumbered Docket Entry Between Doc. Nos. 1 & 2 (showing issuance to plaintiff on June 2, 2014).  On July 24, 2014, the plaintiff then filed two amended complaints, the first of which named only Anthony Ciappina as a defendant (the "Mr. Ciappina Complaint") and the second of which named only Cindy Ciappina as a defendant (the "Mrs. Ciappina Complaint").[2] *See* Doc. Nos. 2, 3.

In the Mr. Ciappina Complaint, the plaintiff alleges that he resides in Allentown, Pennsylvania and Mr. Ciappina has an apparent business address in Lodi, New Jersey. *See* Am. Compl. at ¶¶ 1, 2, Doc No. 2.  He also alleges that he is a United States citizen and the defendant is a United States citizen. *Id.* at ¶¶ 3, 4.  He further avers that "[t]his court has jurisdiction to hear this case as the completion of agreements were made through person to person conquest within our peer group, the ongoing investigation of the American Detective Agency, and a telephone call to the Vatican." *Id.* at ¶ 5.

As for the substance of his claims, the plaintiff avers that he and Mr. Ciappina entered into a contract on December 25, 2008, "to proceed in a cooperative venture to win jackpot lotteries." *Id.* at ¶ 8.  In addition to this agreement, the plaintiff entered into subsequent verbal agreements with the "defendants" on January 15, 2011 and January 14, 2012, to win various lotteries. *Id.* at ¶¶ 11, 13, 17.[3]  As part of the agreements, Mr. Ciappina's business had to divulge

---

[2] The plaintiff does not identify these documents as amended complaints; instead, he labels each of them as a "complaint."  By necessity, these documents are amended complaints.

[3] The plaintiff also alleges that he had two conversations in May and June 2009 with individuals other than the defendants, *see* Am. Compl. at ¶¶ 9, 10, Doc. No. 2, but it is unclear how these conversations relate to his claims against the defendants.

2

any lottery winnings by providing the plaintiff with a tax statement to show whether Mr. Ciappina won the lottery. *Id.* at ¶¶ 19, 20.  With regard to these agreements, the plaintiff asserts that "Mr. Ciappina's being of [the plaintiff's] construct . . . allow[ed] for a pathway to his winning at least one POWERBALL lottery jackpot." *Id.* at ¶ 16.

Despite this agreement, Mr. Ciappina did not disclose the pertinent tax information to the plaintiff. *Id.* at ¶ 21.  Thus, the plaintiff assumes that Mr. Ciappina won the lottery and did not disclose it to him. *Id.*  The plaintiff claims that Mr. Ciappina's failure to turn over his tax statement to him constituted a breach of the parties' agreement. *Id.* at ¶ 22.  For his requested damages, the plaintiff seeks his share of the $458,000,000 lottery winnings, $45,000,000 in compensatory damages, $9,000 "per lottery claim" for legal fees, and 4% interest on any "money lost during this time." *Id.* at ¶¶ 23-26.

Regarding the Mrs. Ciappina Complaint, the plaintiff appears to include identical allegations against Mrs. Ciappina as he asserted against Mr. Ciappina. *See* Second Am. Compl., Doc. No. 3.  The only difference of note is that the plaintiff seeks $18,000,000 in compensatory damages instead of $45,000,000 as he sought in the Mr. Ciappina Complaint. *Id.* at ¶ 24.[4]

It appears that the Clerk of Court's office issued summonses to the plaintiff on June 2, 2014.  *See* 5-29-14 Unnumbered Docket Entry Between Doc. Nos. 1 & 2 (showing issuance of summonses to plaintiff on June 2, 2014).  This was the last activity in the case as reflected on the docket.

## II.   DISCUSSION

Although there appear to be significant issues in this case insofar as the plaintiff has filed two separate amended complaints against the two originally-named defendants, and the

---

[4] The plaintiff also failed to include an address or allegation of citizenship for Mrs. Ciappina. *See* Am. Compl. at ¶ 2, Doc. No. 3.

plaintiff's action appears meritless insofar as he is attempting to collect money resulting from a lottery that the defendants may or, most likely, may not have won, the court will not address those issues at this point. Instead, there are two preliminary issues requiring resolution: First, it does not appear that the court has subject-matter jurisdiction over this action. Second, it does not appear that the plaintiff has properly effected service of the summonses and the complaint (or the amended complaints) as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Although the only documents of record so far are the complaint and the amended complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the amended complaints do not contain any particular averments regarding jurisdiction other than the plaintiff's blanket assertion that the court has jurisdiction because the parties used "person to person conquest within our peer group, the ongoing investigation of the American Detective Agency, and a telephone call to the Vatican." Am. Compl. at ¶ 5, Doc. No. 2; Am. Compl. at ¶ 5, Doc. No. 3. These allegations, in themselves, do not affirmatively show the basis for this court's jurisdiction over this matter. Moreover, the court is unaware of any act of Congress providing the court with jurisdiction by virtue of (1) apparently non-diverse parties'

use of "person to person conquest within our peer group," (2) "the ongoing investigation of the American Detective Agency," and (3) "a telephone call to the Vatican."

The only document in which the plaintiff attempted to affirmatively identify the basis for the court's subject-matter jurisdiction in this matter was the original complaint.  Although the original complaint is no longer the operative document because the plaintiff filed two amended complaints, the court notes that the plaintiff had indicated in the original complaint that the court has diversity jurisdiction under 28 U.S.C. § 1332 in this case.  *See* Compl. at 2.  Despite this assertion, the allegations thus far are insufficient for the court to discern how diversity jurisdiction is proper.

The diversity statute provides in relevant part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  Courts have uniformly held that this statute demands "complete diversity of citizenship," a requirement that is not satisfied "unless *each* defendant is a citizen of a different [s]tate from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted).  In determining citizenship, "[a] natural person is deemed to be a citizen of the state where she is domiciled."  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citation omitted).  Moreover, although a "corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business," "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (citations omitted).  Furthermore, "[b]ecause the citizenship inquiry is not the same for all business entities, [the] [p]laintiff must identify how [the] [d]efendant is organized and allege the facts necessary to establish the citizenship of that particular type of


business entity." *Grabowski v. Liberty Mut. Fire Ins. Co.*, No. 3:14-815, 2014 WL 1745893, at *2 (M.D. Pa. May 1, 2014) (citations omitted).

Here, while the plaintiff's allegations exceed the amount in controversy requirement of section 1332(a) insofar as he is seeking to recover an amount well in excess of $75,000, his citizenship allegations are deficient. More specifically, in the original complaint, the plaintiff listed as "Defendant No. 1" as the "Condemi Motor Company Inc.," with a business address of 242 Main Street, Lodi, New Jersey 07644. Compl. at 2. The plaintiff then lists Mrs. Ciappina as "Defendant No. 2," but he does not provide an address for her. *Id.*[5] In the Mr. Ciappina Complaint, the plaintiff identifies the defendant as "Mr. Anthony Ciappina, Condemi Motor Company[,] 242 Main Street[,] Lodi, NJ 07644." Am. Compl. at ¶ 2, Doc. No. 2. In the Second Amended Complaint, the plaintiff does not include any address for Ms. Ciappina. Am. Compl. at ¶ 2, Doc. No. 3. With these allegations, the plaintiff has failed to identify where the named defendants are domiciled. Therefore, the court cannot determine whether the parties are diverse under section 1332(a) and cannot ascertain whether jurisdiction is proper in this court.

Concerning the plaintiff's apparent failure to timely serve the complaint (or the amended complaint), the plaintiff filed the original complaint on May 29, 2014. The plaintiff had 120 days from the filing of that complaint, *i.e.* September 26, 2014, to serve the summons and complaint upon the defendants. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed"). The plaintiff has not filed any proof of service indicating that he has effected service of the summonses and the complaint (or the amended complaints) in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Additionally, the fact that the plaintiff has filed amended

---

[5] The plaintiff does not identify Mr. Ciappina as a defendant in this part of the original complaint. *See* Compl. at 2.

complaints would not toll the 120-day period for service because the plaintiff is asserting claims in the amended complaints against the same defendants named in the original complaint.  *See, e.g.*, *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (same); *Blomquist v. Horned Dorset Primavera, Inc.*, CIV. 13-1835 MEL, 2014 WL 4537056, at *3 n.4 (D.P.R. Sept. 11, 2014) (explaining that "the 120–day period for serving process pursuant to Rule of Civil Procedure 4(m) began to run when the original third-party complaint was filed . . . and was not extended due to the amendment, which added only an additional allegation against third-party defendants"); *Torres v. Colvin*, CV-13-2300-PHX-LOA, 2014 WL 2683296, at *1 (D. Ariz. June 13, 2014) ("The filing of an amended complaint does not restart the 120–day service period against a defendant named in the original complaint under Rule 4(m)."); *Nayak v. CGA Law Firm*, 1:13-CV-2533, 2014 WL 772604, at *2 n.4 (M.D. Pa. Feb. 25, 2014) ("The filing of an amended complaint does not restart the 120–day period provided by Rule 4(m).").  Accordingly, to date, the plaintiff has not complied with Rule 4(m) by virtue of his failure to serve the summonses and the complaint (or the amended complaints) on the defendants and file the appropriate proof of service with the court.

### III.   CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action.  Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of

twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, the plaintiff has not complied with Rule 4(m) by serving the summonses and the complaint (or the amended complaints) upon the defendants within 120 days of the filing of the original complaint.  The court notes that with regard to the amended complaints, it does not appear that the plaintiff has requested that the Clerk of Court issue new summonses for service of these amended pleadings.  Nonetheless, per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's failure to properly effect service of the summons and the complaint/amended complaints unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he effected service within the 120-day period, or (2) good cause for the failure to effect timely service.  *See* Fed. R. Civ. P. 4(m) (mandating dismissal of action against defendant not timely served within 120 days unless plaintiff shows good cause for failure to serve).

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.